UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Elena Katz

    v.                                  Civil No. 06-cv-149-PB

Timberlane Regional School District

**REPORT AND RECOMMENDATION**

Elena Katz files this action pro se and in forma pauperis, appealing the results of administrative decisions rendered in 2004 regarding her daughter's special education. This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. For the reasons explained herein, I recommend that this action be dismissed.

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review to:

> (i) report and recommend to the court that the filing is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2); or it fails to establish subject mater jurisdiction under Fed. R. Civ. P. 12(b)(1); or

>    (ii) grant the party leave to file an amended
>    filing in accordance with the magistrate judge's
>    directives; or
>
>    (iii) pursuant to Fed. R. Civ. P,. 4(c)(2), appoint
>    a person to effect service.

United States District Court for the District of New Hampshire Local Rule 4.3(d)(1)(B).  In conducting the preliminary review, the Court construes pro se pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and

meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background[1]

Elena Katz files this action in the stead of her disabled daughter, E.G., alleging that the defendant has failed to provide E.G. with the free and adequate public education to which she is entitled as a child with a disability.  The facts and circumstances of this case are well-known to the Court as they have been extensively litigated, and continue to be litigated, in another case pending before the court, G., et al v. Timberlane Reg'l Sch. Dist., Civ. No. 04-188-PB.  It appears that the claims raised in this complaint are similar, if not identical, to the claims raised in G., but the claims in the present complaint attempt to include incidents that have occurred since the filing of the complaint in G..  It is also worth noting that the plaintiff attempted to file the later claims in another action,

---

[1] My findings and recommendations are based on the claims asserted in the complaint as nearly as they can be deciphered. Plaintiff's complaint contains typographical errors too numerous to count.  These errors, while not entirely fatal to the complaint's readability, frequently obscure the plaintiff's assertions.  As I have previously pointed out to the plaintiff in response to other pleadings she has filed in this Court, Fed. R. Civ. P. 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief" (emphasis added).

3

Katz v. Menzie, Civ. No. 05-463-JD.  On May 9, 2006, that action was dismissed after preliminary review for plaintiff's failure to exhaust her claims.  I find that the claims alleged herein are repetitive of the claims that are currently pending in G. v. Timberlane and that were raised in Katz v. Menzie.  Since the facts alleged in this case are repetitive of the facts well known to the court and parties in this matter, I decline to reiterate them at this point.

## Discussion

Katz's action is brought pursuant to the IDEA, which "is a comprehensive education statute which seeks to ensure that children with disabilities receive 'a free appropriate public education ... designed to meet their unique needs.'"  Rose v. Yeaw, 214 F.3d 206, 209 (1st Cir. 2000) (quoting 20 U.S.C. § 1400(d)(1)(A)).  The IDEA requires state and local agencies receiving federal funds to "establish and maintain procedures ... to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education by such agencies."  20 U.S.C. § 1415(a); see also Honig v. Doe, 484 U.S. 305, 310-12 (1988).  Parents who believe that their disabled children are not being

properly served by these agencies as required by the IDEA may present a complaint to the state or local educational agency who will grant them an impartial due process hearing.  20 U.S.C. §§ 1415(b)(6) & 1415(f)(1).  The scope of such a hearing is broad, encompassing "complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child."  20 U.S.C. § 1415(b)(6).  If, after a due process hearing, a parent is dissatisfied with the result, he or she may file a civil action in either state or federal court.  20 U.S.C. § 1415(i)(2)(A).

The IDEA claims alleged by Katz in this action fall into two categories: those that arise from four administrative due process hearings culminating on May 21, 2004, and claims that have arisen since that time.  I will take each of these categories of claims in turn.

1.   <u>Claims Arising on or Before May 21, 2004</u>

The claims alleged here as occurring before May 21, 2004 and as having been exhausted by the May 21, 2004 due process hearing are presently pending in <u>G.</u>, which is the appeal taken in this Court from that due process hearing.  Even if these claims were

not already pending in another action before the court, however, I find that an appeal of the May 21, 2004 decision filed two years later is untimely.

N.H. Rev. Stat. Ann. 186-C:16-a mandates that "[a]n appeal from a final administrative decision in a special education due process hearing to a court of competent jurisdiction pursuant to 20 U.S.C. section 1415(e) shall be commenced within 120 days from receipt of the final decision."  In order to be timely, the claims resulting in the May 21, 2004 due process hearing had to have been appealed by September 18, 2004.  This appeal was filed April 20, 2006, approximately nineteen months after the statutory limitations period expired.  Accordingly, I recommend that this action be dismissed as untimely.

2.   Claims Arising After May 21, 2004

Before filing a suit under the IDEA, a plaintiff must exhaust administrative remedies through the due process hearing. Rose, 214 F.3d at 210; see also Rafferty v. Cranston Pub. Sch. Comm., 315 F.3d 21, 25 (1st Cir. 2002); Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 59 (1st Cir. 2002).  Katz does not allege any facts that would indicate that she has exhausted any of her claims arising out of events that occurred after May 21, 2004.

In <u>Katz v. Menzie</u>, Katz conceded that she did not exhaust the post-May 21, 2004 claims and asserted instead that she should be excepted from the exhaustion requirement.  By its May 9 Order accepting my Report and Recommendation, the Court found that Katz was not excepted from the exhaustion requirement, and that the claims should be dismissed due to Katz's failure to exhaust.  See May 9, 2006 Order Approving Report and Recommendation, <u>Katz v. Menzie</u>, Civ. No. 05-463-JD (DiClerico, C.J.).  The present complaint offers no facts upon which that decision should now be changed.  Accordingly, I recommend that all of the claims arising out of events occurring after May 21, 2004 be dismissed for lack of exhaustion.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to

file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: July 19, 2006

cc:   Elena Katz, *pro se*